**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YUQIN GAO,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   16-70847

Agency No. A089-877-246

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2022[**]
Pasadena, California

Before:  IKUTA, NGUYEN, and OWENS, Circuit Judges.

Yuqin Gao, a native and citizen of China, seeks review of a decision of the

Board of Immigration Appeals (BIA) dismissing her administrative appeal of an

order of the immigration judge  (IJ) denying her application for asylum.  We have

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. "We review factual findings, including adverse credibility determinations, for substantial evidence." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (citation omitted).

Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility finding. The record demonstrates that Gao was unable to articulate basic details about her alleged forced sterilization procedure. *See Iman v. Barr*, 972 F.3d 1058, 1065 (9th Cir. 2020) ("The lack of detail in an applicant's testimony can be a relevant factor for assessing credibility."). The record also supports the IJ's finding that Gao's testimony was inconsistent with her asylum application, including as to the year in which Gao was sterilized and whether Yunfeng Gao (her alleged first son) was actually her child. Further, the record demonstrates inconsistencies regarding Gao's arrest and detention for participating in a Christian house church. These inconsistencies were not "utterly trivial . . . such as a typographical error." *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010). Rather, these inconsistencies were "at issue" in evaluating Gao's claims that she was persecuted on account of her political opinion and her religion. *Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020). Likewise, substantial evidence supports the BIA's upholding of the IJ's finding that Gao's testimony lacked credibility because she admitted to departing China with a valid passport

and visa shortly after her arrest and while she was allegedly required to report weekly to the police, despite asserting that she was a fugitive. Additionally, the IJ reasonably relied on the lack of corroborating evidence, including as to Gao's sterilization procedure, her employment, and her termination from her employment after her arrest in 2008. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

Without Gao's testimony or the corroborating evidence identified by the IJ, the record does not compel the conclusion that she was forced to undergo an involuntary sterilization or that she is a religious refugee, and is therefore insufficient to carry her burden of establishing eligibility for relief. *See id*.

Because Gao did not raise her withholding of removal and Convention Against Torture claims, or her claim that the IJ violated the procedure set forth in *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), in her administrative appeal to the BIA, we lack jurisdiction to consider these unexhausted claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

**DISMISSED IN PART AND DENIED IN PART.**